SAMUEL T. SANFORD *vs.* EMELINE PIERCE & another.

Bristol.   Oct. 24, 1878. — Jan. 11, 1879.   ENDICOTT & LORD, JJ., absent.

The occupation of a house on mortgaged premises, by a husband and wife, the latter being the mortgagee, under an agreement between the husband and the wife's mother, who was supposed to be the owner of part of the premises, is not such a "possession of the premises" by the mortgagee, within the Gen. Sts. c. 140, § 15, as will entitle the mortgagor, on a bill in equity to redeem, to have the rent of the tenement applied towards the payment of the mortgage debt.

BILL IN EQUITY, filed February 13, 1877, to redeem a parcel of land in Fall River from a mortgage.

The case was referred to a master, who reported that the plaintiff owed the defendants, who are his sisters, the sum of $400 each, for which he gave his note for $800 secured by the mortgage in question ; that the defendant Emeline Pierce, from the date of the mortgage, has lived with her husband in New Bedford, and has never been in the actual possession of the mortgaged premises, or of any part of it; that the other defendant, Malvina F. Wady, lived with her husband, John H. Wady, in the upper tenement of the dwelling-house on the mortgaged premises from February 11, 1871, to January 4, 1877, but carried on no separate business of her own ; that at the time Mrs. Wady moved into this tenement she was induced by the plaintiff to believe that she was the legal owner of $\frac{4}{50}$ths of the mortgaged property ; that she also believed that her two sisters and the plaintiff owned $\frac{4}{50}$ths each, and their mother owned $\frac{34}{50}$ths ; that John H. Wady, in the presence and hearing of his wife, and with the knowledge and consent of the plaintiff, made a bargain with Charity Sanford, the mother of the plaintiff and defendants, to have this tenement by paying taxes, making repairs, and looking after the place ; that Wady and his wife occupied the tenement from February 11, 1871, to April 15, 1873, believing the above facts ; that on the latter date they and the defendant Pierce learned that the plaintiff was the legal owner of the mortgaged premises, and that the only interest the defendants had in the property was as mortgagees ; that Wady and his wife continued to occupy the tenement until January 4, 1877, knowing the true state of the title, but no demand for

rent was made by the plaintiff, and no new arrangement was made, the plaintiff believing that the rent was due from Mrs. Wady, and would be offset against the mortgage debt; that Charity Sanford died in December, 1871; and that John H. Wady is possessed of no property, and had none during the occupancy of the tenement; and stated the account in the alternative.

Hearing before *Ames,* J., who, by consent of parties, reserved the case for the consideration of the full court, upon the questions of law arising thereon; such decree to be entered as law and justice should require.

*J. M. Morton, Jr.,* for the plaintiff.

*E. H. Bennett,* for the defendants.

AMES, J. In the view which we have taken of the facts of this case, as reported by the master, it has become unnecessary to pass upon the question whether the title of the defendants in the mortgaged premises was that of joint tenants or tenants in common. Whatever may have been their relative position in that respect, we do not find, upon the master's report, that the mortgagees have had such a possession of the mortgaged premises, either separately or jointly, as to render them or either of them chargeable for rents and profits. As to one of them, it is conceded that she has never been in actual possession of the mortgaged property, or any part of it. The other, Malvina F. Wady, lived for a number of years in an upper tenement of the dwelling-house, with her husband, John H. Wady, but this occupation was under a contract between her husband and her mother, who was supposed to be the owner of about two undivided third parts of the entire property. Mrs. Wady did not hire the tenement, and made no contract whatever in relation to it. The occupation was her husband's occupation, and her husband was the tenant. There is nothing in the facts reported from which any implied contract on her part can be inferred, under which she became the tenant or liable to pay rent. It is immaterial that when this occupation begun she was under the mistaken impression that she was the owner of a small undivided fractional interest in the property, especially as that mistake was one into which she was led by the plaintiff. There is nothing to indicate any agreement on her part that the rent for

which her husband was chargeable should be applied towards the mortgage debt due from the plaintiff.

The decree, therefore, must be that the plaintiff may redeem on payment of the principal and interest of the note, without any allowance for rents and profits; and that the defendants recover their costs.                           *Decree accordingly.*